## J. B. CAMORS & CO., INC., *v.* MORLET.

[95 South. 317. No. 23117.]

SALES. *Buyer, by accepting and taking possession of goods, waived objection that they were prematurely shipped.*

Where goods were ordered, and they were shipped before the time specified in the order, the buyer waived the objection that they were prematurely shipped by accepting them and, without objection, permitting them to remain in his storehouse until they were destroyed by fire six days later.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Action by J. B. Camors & Co., Inc., against Jules Morlet. From a judgment of the circuit court, affirming a judgment of a justice court for defendant, plaintiff appeals. Reversed, and judgment for plaintiff.

*Wm. M. Colmer,* for appellant.

We desire to briefly state our position in this matter at the very outset, which is, that whatever rights the appellee had and whatever injury he received by the premature delivery of the goods as stated in the order were waived by his acceptance of these goods. The question of injury from delivery of goods at other than the stated time in the contract may be roughly divided into delivery after the time specified and delivery before the time specified. There is abundant authority to the effect that where the purchaser is injured by the delivery later than the time specified in

the order or contract that the purchaser is not bound to accept the goods but may refuse them.   There is also abundant authority to the effect that where the goods are accepted after a delay in delivery that the purchaser waives whatever rights he may have.   In our search of the books we find very little authority one way or the other bearing on a premature delivery.

At page 185 of 35 Cyc. under the head of "Sales" we find this language "By Acceptance.   In many cases the general rule has been laid down so far as the buyer's obligation to pay the price is concerned that an acceptance of the goods waives the objection that they were not delivered in time, especially when the acceptance is without protest."

We have found one case bearing on premature delivery which is in our opinion squarely in point and a parallel case to the one here.   We refer to the case of the *Sole-Leather Over Manufacturing Company* v. *Bangs et al.*, a Minnesota case, which appears in 44 N. W. pages 271-2 (43 Minn. 23).   In that case it was held by the court that when goods are ordered and are sent before the time specified in the order, the buyer waives the objection that they are prematurely sent by receiving them and not objecting within a reasonable time.

Having accepted the goods, however, and the goods having remained in his possession, and not having notified the appellant of the premature delivery and his refusal to accept them, the goods having lain in his shop for several days until on the 19th day of June and just one day prior to the time of delivery, we think that the appellee certainly waived any rights that he might have had in the premises.   We submit further that if the appellee had any right in the matter that they should have been submitted in the form of damages and not in the manner of a plea of non-liability, because of the premature delivery.

We desire to call attention of the court to the fact that appellee admits that notwithstanding that his merchandise was delivered to him by and through his agent, the Murray

Transfer Company on June 13, and notwithstanding that the said merchandise remained in his shop until the 19th day of June, the same year, that he never notified the appellant that he refused to accept them and he never notified or objected to them in any manner about the premature delivery of these goods.

*Denny & Heidelberg,* for appellee.

Did the appellee waive any and all rights by the mere carrying of the goods in question to his storeroom by the Murray Transfer Company, and then his learning they were there not repudiate the entire transaction, and then upon his not repudiating it, can he be held liable now after the goods have been lost by or through no act of neglect or carelessness of his or on his part although they were in his wareroom and on his premises, and his agent or representative had receipted the common carrier therefor?

Again in the case of *Arons* v. *Cummings,* 31 L. R. A. (N. S.) 942, and the cases cited in the opinion as well as the notes thereto this contention is well borne out, it states as a part of the opinion as follows: "So, with respect to premature delivery the title does not pass unless such disregard of the terms of the order is waived by acceptance. The buyer is not bound to accept delivery before the time specified."

Unless it can be considered that the appellee by merely having the transfer company to receive from the railroad all freight consigned to him, and haul the same to his place of business, accepted the goods in question, and by so doing waived all his rights thereby and did not expressly refuse to keep the goods in question and return them to the railroad, then he cannot be held in the case at bar. Under the state of facts he was simply the custodian or warehouseman without choice of the appellant. The first he knew about the goods were that they were in his storeroom. He had a right to rest upon the presumption that the same would be shipped as provided by contract, and his having

them in his storeroom at the time of the destruction, there of, by fire was not any fault of his or any act of his. If appellant had shipped same as per terms of the contract of sale and purchase they would not have been there at the time of the fire.

We submit that by no sense or construction can appellee be held to have accepted the goods. He had used none of them; in fact as shown by the agreed statement of facts, none of the goods in question had been used by him and we must assume that he had known what he was doing and when he would need the same by ordering them shipped out upon the 20th, one day after the same were destroyed by the flames.

We further submit that the appellee could not be bound herein for the reason that he would still have had left to him the right to have tested the goods and ascertained if they were the character and quality of goods contracted to be purchased. He had a right to rely upon the contract of purchase that he need not warn the transfer company not to haul anything from the appellant embraced in the order in question, because appellant would ship it ahead of time, but acting upon the terms and conditions of his order he did not expect the arrival of this order until at least the 21st, probably the 22nd, and yet the same was shipped out so as to arrive here eight or nine days before the same was to be shipped, and not expecting this violation of the terms of the contract, yet the same arrived at Pascagoula upon the 13th day of June, and the same are moved by the transfer people to the storeroom of appellee, and was this an acceptance of the goods by the appellee?

We submit not. All he was required to do was to hold the same, and when the time arrived for their use as contemplated and embraced in the order, and when they were needed and then if they were of the quality and character ordered, to accept them and pay for same. But he could not do this. Why? Because he had evidently other supplies on hand and using them.

COOK, J., delivered the opinion of the court.

The appellant, plaintiff in the court below, sued the appellee, defendant in the court below, in a justice court of Jackson county on an open account. From a judgment in favor of the defendant, the plaintiff appealed to the circuit court, where the cause was submitted to the judge, without the intervention of a jury, on an agreed statement of facts, and, from a judgment for defendant, plaintiff prosecuted this appeal.

From the agreed statement of facts it appears that the appellee owned and operated a bakery in the city of Pascagoula, while the appellant was engaged in the wholesale grocery business in the city of New Orleans, and that, on or about June 1, 1921, appellant sold to appellee certain groceries in bulk. These goods were sold through a traveling salesman of appellant, and the written order executed by appellee contained the stipulation that the goods were to be shipped on June 20, 1921, but appellant shipped them on June 10th, and they arrived at Pascagoula, the proper place of consignment, on June 12, 1921. A certain transfer company in the city of Pascagoula had a blanket order to receive and deliver all freight consigned to appellee, and on June 13, 1921, this transfer company received the goods from the warehouse of the railroad company, receipted the railroad company therefor, and placed them in the storehouse or wareroom of the appellee's bakery, and the goods remained in appellee's bakery until June 19, 1921, when they were destroyed by fire, the bakery and all its contents burning on that date. The appellee had knowledge of the fact that the goods had been delivered at his place of business, and he accepted them and permitted them to remain in his storeroom without making any sort of protest against the premature delivery. The only question presented for decision is whether, under this state of facts, the appellee is liable for the purchase price of the goods so delivered to him.

By accepting the goods and permitting them to remain in his storehouse without protest until they were destroyed by fire six days later, the appellee waived the objection that they were prematurely shipped. He should have declined to receive the goods at the time, and notified the shipper of the fact that he had declined them, or, since the goods were received from the transportation company and delivered at appellee's storehouse, he should have immediately notified the shipper that the goods were held subject to its order and at its risk. He did neither of these things, and we think he is liable for the purchase price of the goods so accepted by him.

Reversed, and judgment here for appellant.

*Reversed.*